PALMER, J.,
concurring and concurring specially.
I concur in the court’s opinion in its entirety. However, because this case comes to this court under the unique circumstances where DCF is the only party seeking reunification of the child with the mother, I take this opportunity to encourage the parties to continue moving in a positive direction with the best interest of this child in mind. To her credit the mother has stipulated, even on appeal, that it is in the best interest of the child to remain in the custody of the grandparents with the proviso that she receives reasonable visitation. Similarly, the grandmother testified at the termination hearing that she has always wanted the child to “know her mother,” and she has consistently stipulated in court hearings that the mother could have weekly or bi-weekly visitation. *907 Notably too, the Guardian Ad Litem report presented at trial, as - well as the testimony of the counselor at the Visitation Center, indicate that the visits with the mother are positive experiences for the child. It is apparent from the record that it was only when DCF stepped in and recommended reunification that the grandparents felt it was necessary to seek termination in order to avoid losing custody. As there is no further threat of reunification in this ease because the case has been closed as to dependency, the parties will hopefully continue to work toward having this child maintain positive relationships with her mother and her grandparents.